# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### FEBRUARY 1999 SESSION

FILED

May 21, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STANLEY POWELL,** | ) | |
| | ) | C.C.A. No. 01C01-9804-CC-00169 |
| Appellee, | ) | |
| | ) | Giles County |
| V. | ) | |
| | ) | Honorable William B. Cain, Judge |
| **STATE OF TENNESSEE,** | ) | |
| | ) | (Post-Conviction - Aggravated Kidnaping, |
| | ) | Aggravated Rape) |
| Appellant. | ) | |

FOR THE APPELLANT:      FOR THE APPELLEE:

HERSHELL KOGER
131 N. 1st Street
P. O. Box 1148
Pulaski, TN 38478

JOHN KNOX WALKUP
Attorney General and Reporter

ELIZABETH B. MARNEY
Assistant Attorney General
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243

MIKE BOTTOMS
District Attorney General

RICHARD DUNAVANT
Assistant District Attorney
Giles County Courthouse
Pulaski, TN 38478

OPINION FILED: _____

 **AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

-2-

The petitioner, Stanley Powell, appeals from the trial court's dismissal of his claim for post-conviction relief. Powell is presently serving thirteen years as a range II offender in the Department of Correction for his guilty plea to aggravated kidnaping and aggravated rape on June 27, 1994. The trial court dismissed his post-conviction petition following a hearing on the merits. After a review of the record, the briefs of the parties and the applicable law, we affirm the trial court's dismissal.

The petitioner claimed at his post-conviction hearing that his appointed counsel was ineffective for failing to interview witnesses and that his plea was entered into unknowingly and involuntarily.

The trial court reviewed the transcript of the hearing in which the defendant pleaded guilty, and heard the testimony from the Petitioner, his court appointed counsel and three other witnesses, before finding as follows:

> There is nothing in the post-conviction relief petition that has any merit, and the credibility of the defendant in his testimony today is nonexistent. He knew at the time that he was facing the possibility--and strong possibility--of being declared a career offender, following his extensive criminal record, and that he could spend many, many years in the penitentiary.

Following this assessment of the petitioner's credibility, the trial court clearly placed great weight upon the testimony of the petitioner's court

appointed counsel and very little, if any, upon the testimony of the petitioner.

The test for determining whether trial counsel provided effective assistance to his or her client rests on whether counsel's performance is within the range of competence demanded of attorneys in criminal cases. See Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). The burden is on an appellant to show that representation was deficient in that counsel made errors so serious that she or he was not functioning as "counsel" as guaranteed by the Sixth Amendment. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Where a defendant pleads guilty, he must show that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart 474 U.S. 52, 59 (1985); see also State v. Neal, 810 S.W.2d 131, 138-39 (Tenn. 1991) (reiterating the standard in Hill).

The trial court's findings of fact in a post-conviction proceeding are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence in the record preponderates against them.[1] See Caruthers v. State, 814 S.W.2d 64, 67 (Tenn. Crim. App. 1991); Butler v. State, 789 S.W.2d 898, 899-900 (Tenn. 1990). Petitioner bears the burden of establishing that the evidence preponderates against the post-conviction court's findings of fact. See Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Petitioner did not carry his burden in the trial court and he has not carried his burden here.

---

[1]This petition was filed in 1994 and is controlled by the pre-1995 Post Conviction Act.

The judgment of the trial court dismissing the petitioner's post-conviction relief petition is therefore AFFIRMED.

-4-

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
JAMES CURWOOD WITT, JR., Judge